THOMAS, Justice.
A writ of habeas corpus was issued by this Court and now, upon it and the return, we undertake to answer the question which the parties agree is presented, that is, whether “gain time” earned by a prisoner in the penitentiary prior to his release on parole must be taken into consideration in computing the length of time he is to remain on parole.
The applicable statute contains the provision that “No person who has been placed on parole shall 'be discharged therefrom by the commission prior to the expiration of the term for which he was sentenced * * Sec. 947.24, Florida Statutes 1941, and F.S.A.
The petitioner was sentenced 20 August 1945, to two years on each of four convictions of forgery, the sentences to- run consecutively. He served until 6 November 1945, when he escaped. He was captured 22 November 1945 and thereafter his conduct was good. On 25 October 1949, he was granted a parole which was revoked 14 January 1953.
It is petitioner’s contention that when the time he gained by good behavior after his re-incarceration 22 November 1945 is deducted from the eight-year period fixed in the sentence, and when the period is thus shortened, the date of expiration occurred before the revocation of parole, 14 January 1953, so the parole commission had lost jurisdiction.
We cannot agree. We think the statute is unambiguous and means that the jurisdiction of the parole commission to revoke is measured by the time of the original sentence and does not fluctuate because of time gained by good conduct.
The identical question was presented to us in Boyette v. Mayo, 6 June 1951, and we denied the petition for a writ of habeas corpus without recording, however, the reasons for our ruling.
The writ is discharged.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.