139 So.2d 429 (1962)
John A. DEESE, Petitioner,
v.
H.G. COCHRAN, Jr., Director, Division of Corrections, Respondent.
No. 31061.
Supreme Court of Florida.
March 28, 1962.
*430 John A. Deese, in pro. per.
Richard W. Ervin, Atty. Gen., and B. Clarke Nichols, Asst. Atty. Gen., for respondent.
THOMAS, Justice.
From the allegations of the petition for writ of habeas corpus and the return filed in response to the writ this court issued, we get the salient facts.
The petitioner was convicted in the Circuit Court of Brevard County, Florida, and sentenced 10 March 1951 to four years in the state penitentiary. On 28 March 1951, he was convicted in the Criminal Court of Record of Orange County and sentenced to six months in the penitentiary. Inasmuch as the offenses were not charged in the same indictment or information and there was no direction on the part of the Criminal Court of Record of Orange County that the sentences be served concurrently, the petitioner faced consecutive sentences totalling four years and six months. Sec. 921.16, Florida Statutes 1949, F.S.A.
On 30 April 1952 when the petitioner had been in prison slightly longer than one year, he escaped, and he was not again incarcerated until 4 February 1958. After remaining in prison until 30 June 1959, he was paroled and he remained at liberty until 25 April 1961 when his parole was revoked, effective 4 April of that year, for violations of the parole terms committed the preceding January.
At the time the petitioner escaped he had served one year, one month and 20 days, and between the time of his recapture and his parole he had been in prison one year, four months and 26 days, so when his parole was granted, and for that matter when it was revoked, he had actually served two years, six months and 16 days of the original sentence imposed by the Circuit Court of Brevard County leaving unsatisfied one year, five months and 14 days of that term.
The petitioner contends that the remainder of the sentence was served while he was released on parole but this is not a sound position because under Sec. 947.21, Florida Statutes 1949, F.S.A. the petitioner was subject to arrest and return to prison to finish serving the term for which he was originally sentenced, and in the order of the Parole Commission revoking the parole, it was required that he remain in prison "not to exceed his sentence * * *." Moreover, it is expressly provided in that law that "no part of the time [a convict] may have been on parole shall in such event, in any manner diminish the time of such sentence."
In view of the provisions of the applicable statute the petitioner, although entitled to a credit of two years, six months and 16 days, the time actually served, could *431 not be credited with the further time of one year, nine months and four days, the period he was out on parole, so that, as he contends, the first sentence would be satisfied and he would have been entitled to a credit of three months and 20 days on the Orange County sentence, nor can there be added to these periods the time served since revocation of parole, to work a service of both sentences.
To recapitulate, when the petitioner's parole was revoked, effective 4 April 1961, he had served two years, six months and 16 days and had then to serve one year, five months and 14 days of the original four-year Brevard County sentence. This period has been reduced by 12 months, computed to 4 April 1962, so the petitioner will have on that date five months and 14 days yet to serve in order to complete the first sentence, and he will not until then commence service of the second, or Orange County, sentence.
To our mind, this is simply a case of determining debits, in the form of sentences, and credits, in the form of time served, and once the remainder is determined, applying it to sentences in the order they were imposed. If there were a surplus of service over the term of the first sentence, it would be applied to the succeeding sentence; as this was not the case, the first sentence has not been satisfied, and service of the second has not begun.
This opinion is being substituted for an initial one filed 4 October 1961.
The writ of habeas corpus is discharged.
ROBERTS, C.J., and TERRELL, DREW and HOBSON (ret.), JJ., concur.