WIGGINTON, Chief Judge.
Petitioner seeks a writ of habeas corpus on the contention that he is being illegally restrained of his liberty and incarcerated in the Florida State Correctional Institution at Avon Park.
Petitioner was found guilty of a criminal offense and sentenced to serve a term of 20 years in the Florida State Prison on October 1, 1945. Since the imposition of his sentence, petitioner was paroled on three separate occasions by the Parole Commission. Since the date of his sentence, he has served 10 years in prison, and has been free on parole for a total of 12 years and 13 days, his last parole being revoked on October 31, 1966.
Petitioner’s sole contention is that the time he was at liberty on parole should be counted along with the time he has spent in prison in determining whether he has completed his 20 year sentence of imprisonment. This contention cannot be sustained.
The applicable statute in effect in this state provides that no part of the time a convicted criminal may have been on parole shall in any manner diminish the time of *829 his sentence.[1] This same contention was raised in the case of Deese v. Cochran,[2] and in rejecting such contention the Supreme Court said:
“In view of the provisions of the applicable statute the petitioner, although entitled to a credit of two years, six months and 16 days, the time actually served, could not be credited with the further time of one year, nine months and four days, the period he was out on parole, so that, as he contends, the first sentence would be satisfied and he would have been entitled to a credit of three months and 20 days on the Orange County sentence, nor can there be added to these periods the time served since revocation of parole, to work a service of both sentences.”
Of the same effect are the decisions of the Supreme Court in Mayo v. Lukers,[3] and Sheppard v. Mayo.[4]
Petitioner concedes that the law of Florida will not support his position, but contends that the rule adopted by the federal courts of this country is to the contrary and should be controlling in his case. In this regard petitioner is also in error, having placed unwarranted reliance in the dissenting opinion filed in the decision cited below.[5]
For the reasons hereinabove stated, the petition for writ of habeas corpus is denied.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. F.S. § 947.21, F.S.A.

. Deese v. Cochran (Fla.1962), 139 So.2d 429, 430, 431.

. Mayo v. Lukers (Fla.1951), 53 So.2d 916.

. Sheppard v. Mayo (Fla.1950), 46 So.2d 729, cert. den. 340 U.S. 927, 71 S.Ct. 484, 95 L.Ed. 669.

. Bates v. Rivers (1963), 116 U.S.App.D.C. 306, 323 F.2d 311.