281 So.2d 906 (1973)
Robert L. ADDISON, Petitioner,
v.
FLORIDA PAROLE BOARD et al., Respondents.
No. T-443.
District Court of Appeal of Florida, First District.
August 30, 1973.
Robert L. Addison, in pro per.
Robert L. Shevin, Atty. Gen., for respondents.
PER CURIAM.
Petitioner, Robert L. Addison, filed in the Supreme Court his Petition for Writ of Habeas Corpus charging that he was illegally detained in prison by respondents. The Supreme Court issued its rule nisi and respondents timely filed their return to same. Subsequently, the Supreme Court became of the view that the issues involved were more properly within the jurisdiction of this Court and transferred same for consideration and determination. Pursuant to the aforesaid transfer, we now consider and determine the issues involved.
The gravamen of petitioner's allegations is that he is now unlawfully confined because of irregularities on the part of the Florida Parole Commission in the revocation of his parole. The record in this cause reflects that petitioner, while on parole, was arrested and charged with the commission of a felony. Petitioner agreed that his hearing be held by one parole commissioner. The record discloses that this petitioner was arrested on a felony charge of robbery while on parole and subsequently *907 plead guilty to a second degree misdemeanor that being petty larceny. Also, the record supports violations of several of the conditions under which petitioner was paroled, viz: 1) that he associated with persons of harmful character or bad reputation; 2) that he did not conduct himself honorably or work diligently at a lawful occupation; 3) that he occupied an automobile in which a weapon was located without first procuring consent of his supervisor; and 4) that he did not remain at liberty without violating the laws. In view of the foregoing factual disclosures contained in this record, we are not convinced that the parole commission wrongfully entered its order of revocation of parole.
Petitioner urges that, pursuant to the decision of the Supreme Court of the United States in Morrissey v. Brewer,[1] he was entitled to two hearings and that the parole commissioner who conducted the hearing in this cause acted as an arresting officer, prosecutor and judge. Morrissey, supra, specifically held that the minimum requirements of due process in revocating parole include: a) written notice of the claimed parole violations; b) disclosure to the parolee of evidence against him; c) opportunity to be heard in person and to present witnesses and documentary evidence; d) the right to confront and cross-examine adverse witnesses; e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole. This record reflects that petitioner was afforded the minimum requirements of due process prescribed by Morrissey v. Brewer.
Therefore, the rule nisi issued in this cause is discharged.
RAWLS, C.J., and SPECTOR and JOHNSON, JJ., concur.
NOTES
[1] Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).