302 So.2d 175 (1974)
Charles N. GIBBS, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.
No. 74-812.
District Court of Appeal of Florida, Second District.
October 25, 1974.
*176 Charles N. Gibbs, pro se.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for respondent.
HOBSON, Acting Chief Judge.
Petitioner Gibbs filed his petition for writ of habeas corpus in this court, we issued our rule nisi, and respondent timely filed his return. Gibbs contends that he was denied the due process requirements of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, in that he was not afforded a formal hearing of parole violation and was not notified that his parole had been revoked.
On June 3, 1973, while on parole, Gibbs was arrested for a misdemeanor  driving while under the influence of alcohol  in violation of § 316.028 F.S. On June 6, 1973, the Florida Probation and Parole Commission issued a warrant for retaking based on probable cause that Gibbs had violated one or more conditions of his parole agreement. Gibbs was notified of a parole violation hearing on June 15, 1973, agreed to proceed to hearing before one Commissioner, and waived legal representation.
At this hearing Gibbs admitted to violating condition ten of his parole agreement by failing to report to his parole supervisor and condition sixteen relating to consumption of intoxicating beverages. The record reflects that the Commission revoked Gibbs' parole on June 28, 1973, effective June 15, 1973.
Under these circumstances, we are of the opinion that Gibbs was afforded the minimum due process requirements of Morrissey. Addison v. Florida Parole Board, Fla.App.1st, 1973, 281 So.2d 906; Smith v. Wainwright, Fla.App.1st, 1973, 285 So.2d 668; Dees v. State, Fla. 1974, 295 So.2d 296.
Gibbs next contends that he was subjected to double jeopardy in that through parole revocation all of his gain time, statutory time and parole time has been taken from him.
At the time Gibbs' parole was revoked § 947.21 F.S. provided that a violation of parole shall subject the parolee to "serve out the term for which he was sentenced," and no part of the time he may have been on parole shall in such event, in any manner diminish the time of such *177 sentence.[1] The courts of this state have consistently held that a parolee whose parole had been revoked was not entitled to credit for time when he was on parole. Mayo v. Lukers, Fla. 1951, 53 So.2d 916; Deese v. Cochran, Fla. 1962, 139 So.2d 429; Porter v. State, Fla.App.1st, 1968, 212 So.2d 828. See also Starnes v. Connett, 5th Cir.1972, 464 F.2d 524, which dealt with an analogous statute.
The courts of Florida have held that gain time is forfeited by operation of the provisions of § 947.23(2) F.S. whenever a parole is revoked. Dear v. Mayo, 1943, 153 Fla. 164, 14 So.2d 267; Easterlin v. Mayo, Fla. 1953, 69 So.2d 181; Shiplett v. Wainwright, Fla.App. 1967, 198 So.2d 647. Federal courts have also held that by violating parole, a prisoner forfeits all credit for good conduct time. Smith v. Blackwell, 5th Cir.1966, 367 F.2d 539; Smith v. Attorney General, 5th Cir.1969, 420 F.2d 488; Woods v. United States, 5th Cir.1971, 449 F.2d 740.
The writ is hereby discharged.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] Sec. 947.21 F.S. was amended by Ch. 74-112, § 22, effective July 1, 1974, to provide that the commission in its discretion may credit the parole violator with any portion of the time he has satisfactorily served on parole.