323 So.2d 675 (1975)
Frank SCLAFANI, Petitioner,
v.
COUNTY OF DADE, State of Florida, Respondent.
No. 75-1120.
District Court of Appeal of Florida, Third District.
December 9, 1975.
*676 Phillip A. Hubbart, Public Defender, and Bennett H. Brummer, Asst. Public Defender, for petitioner.
Richard E. Gerstein, State Atty., and Charles I. Poole, Asst. State Atty., for respondent.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This petition for writ of certiorari was filed by Frank Sclafani, the defendant, to seek review of an order of the circuit court in its appellate capacity, affirming a judgment of the county court finding Sclafani guilty as charged and sentencing him to 60 days in the county jail for leaving the scene of an accident involving personal injury.
Sclafani was charged by complaint on August 3, 1974, with leaving the scene of an accident involving personal injury and other traffic violations. At trial, Sclafani's motions for judgment of acquittal were denied and he was adjudicated guilty and sentenced to 60 days in the county jail on that charge. On appeal to the circuit court, Sclafani's sole point was that the county court did not have jurisdiction to hear the charge because the circuit court and not the county court, has original exclusive jurisdiction of all felonies. The circuit court affirmed the trial court and this petition ensued.
The complaint charged Sclafani with violation of § 316.027, Fla. Stat., which proscribes leaving the scene of an accident involving death or personal injury and provides, "Any person willfully failing to stop or to comply with said requirements under such circumstances is guilty of a felony ...". § 26.012(2), Fla. Stat., provides that circuit courts have exclusive original jurisdiction of all felonies. Sclafani contends that the order of affirmance of the conviction and sentence is contrary to essential requirements of law because the county court is without jurisdiction to entertain felony charges.
At the time of trial, defense counsel agreed that the county court did have jurisdiction over the charge in question. This is not considered a waiver since counsel cannot confer jurisdiction on the trial court, as its jurisdiction is established solely by general law and cannot be conferred by consent, acquiescence or waiver. Florida Constitution, Article V, § 6(b); *677 see Winn and Lovett Grocery Company v. Luke, 1945, 156 Fla. 638, 24 So.2d 310; Ringling Brothers Barnum and Bailey Combined Shows, Inc. v. State, Fla.App. 1974, 295 So.2d 314, 316.
Sclafani was charged by complaint and not by indictment or information, which is the proper charging document for a felony. It appears from the testimony, the sentence imposed and the entire record, that the court intended to and did try him for the felony of leaving the scene of an accident involving personal injury. The county court did not have jurisdiction to try Sclafani or to sentence him pursuant to § 316.027, Fla. Stat. Watkins v. Morris, Fla. 1965, 179 So.2d 348. There is no question, however, that it did have jurisdiction to find him guilty and sentence him to 10 days each for two careless driving charges and 10 days for leaving the scene of an accident involving property damage.
The writ of certiorari is granted and the judgment and sentence of the county court on the charge of violation of § 316.027, Fla. Stat., is quashed.