404 So.2d 804 (1981)
Gerald Lamar WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 81-599.
District Court of Appeal of Florida, Second District.
October 7, 1981.
*805 Bob M. Johnson, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Gerald Lamar White appeals the revocation of his probation. We reverse.
Appellant was originally charged by information with three counts of trafficking in stolen property. He pled guilty and was given consecutive sentences of six months on each count on June 4, 1979. On July 24, 1979, he filed a motion for reduction of sentence pursuant to Florida Rule of Criminal Procedure 3.800, which was denied.
On February 26, 1980, appellant filed a motion to reconsider the prior motion for reduction of sentence. This motion was granted on March 10, 1980; the balance of appellant's jail sentence was suspended, and he was given concurrent five-year probationary terms.
On March 13, 1981, an affidavit of probation violation and warrant were filed charging appellant with having committed several felonies. After hearing, the trial court revoked appellant's probation and gave him concurrent sentences of fifteen years on each count, despite appellant's counsel's contention at the revocation hearing that the trial court had no jurisdiction because it had not had jurisdiction to modify appellant's sentence when it did so. This appeal followed timely.
Since the original sentence imposed was a legal sentence, the trial court was without jurisdiction to reduce the sentence at the time the second motion was filed. The sixty-day period following the original sentence had expired on August 3, 1979. Fla.R.Crim.P. 3.800; State v. Sutton, 371 So.2d 717 (Fla. 2d DCA 1979); State v. Mancil, 354 So.2d 1258 (Fla. 2d DCA 1978).
At the revocation hearing, the state contended that appellant consented to the trial court's maintaining jurisdiction in this matter and that therefore he is now estopped from raising that issue. However, it is well settled that a defendant cannot confer jurisdiction on the trial court by waiver, acquiescence, estoppel, or consent since jurisdiction is established solely by general law. Art. V, § 6(b), Fla. Const.; Worley v. State, 396 So.2d 1153 (Fla. 2d DCA 1981); Sclafani v. County of Dade, 323 So.2d 675 (Fla. 3d DCA 1975); State v. Evans, 225 So.2d 548 (Fla. 3d DCA 1969), cert. denied, 397 U.S. 1053, 90 S.Ct. 1394, 25 L.Ed.2d 668 (1970).
Accordingly, the order purporting to place appellant on probation, the order revoking that probation, and the new judgment and sentence are REVERSED and the cause REMANDED with directions to reinstate appellant's original judgment and sentence.[1]
SCHEB, C.J., and OTT, J., concur.
NOTES
[1] Of course, for administrative purposes, appellant's record should be credited with all the time he has served under either sentence for the felonies involved here.