FRANK D. UPCHURCH, Jr., Judge,
dissenting:
I respectfully dissent. If, as the majority contends, the colloquy is read as an announcement of nol pros as to the aggravated assault charge, I would concur. However, to understand the colloquy the stage must be set. Obviously there had been some negotiations. The defendant was probably protesting his innocence.[1] The state attorney, realizing that his case was not strong, nor the enormity of the crime great, proposed to only submit proof of simple assault leaving it up to the judge to determine whether Vazquez was guilty. Vazquez and his attorney were apparently content with the bargain and proceeded to trial even though the charge had not been formally reduced.
Jurisdiction in criminal eases is determined by the charge made in the indictment or information. McLean v. State, 23 Fla. 281, 2 So. 5 (1887); Winburn v. State, 28 Fla. 339, 9 So. 695 (1891). For instance, in both McLean and Winburn, the supreme court held that where a defendant is charged with a felony but is only convicted of a lesser included misdemeanor, his conviction in circuit court is not void since the circuit court, having jurisdiction of the offenses charged in the information, additionally has jurisdiction of all lesser offenses included within such charge. There is no rule which requires the state to prove the charge for the court to retain jurisdiction.
Here, the charge was never reduced. The court announced that it understood that the state intended to “proceed” on the lesser included offense of assault, which the state affirmed. While I concede the majority’s interpretation that this amounted to a nol pros is not unreasonable, I think an interpretation that the state was announcing that it intended only to “prove” simple assault is more reasonable, especially when the defense willingly participated in the process. It is obvious that the defendant, the state, and the court thought there was jurisdiction. It was only after the decision that Vazquez became unhappy with the arrangement. While the parties can not by agreement confer jurisdiction, White v. State, 404 So.2d 804, 805 (Fla. 2d DCA 1980), their actions and accords here can be reasonably interpreted so that jurisdiction was not lost, thereby giving effect to their intentions and agreement.

. And well he should, because the facts revealed that defendant, who was 5'8" tall, armed himself with an oar when confronted by two men, one 6'6" tall weighing 270 pounds and one 6'7" tall weighing 225 pounds, who attempted to repossess his TV (which they apparently had no right to do). When one of the men attempted to make use of a broken pop bottle, Vazquez picked up a knife. While the judge’s conclusion that Vazquez went beyond permissible reasonable force is clothed with a presumption of correctness, how much fear Vazquez’s actions generated in the breasts of these two behemoths is questionable.