BOARDMAN, Acting Chief Judge.
The state appeals the trial court’s order granting appellee Snider’s motion for a new sentencing hearing and modifying appel-lee’s sentences. We reverse.
Appellee was charged by information with possession of cocaine with intent to distribute (count 1) and possession of Meth-aqualone with intent to distribute (count 2). His motion to suppress the evidence being denied, he pled nolo contendere to both counts, reserving his right to appeal the denial of his motion to suppress. Following preparation and consideration by the trial judge, Judge Love, of a presentence investigation report (PSI), appellee was given consecutive sentences of three years in prison on count 1 and five years probation on count 2. This court subsequently affirmed appellee’s direct appeal. Snider v. State, 411 So.2d 399 (Fla. 2d DCA 1981).
Nearly a year after disposition of his direct appeal and the trial court’s receipt of this court’s mandate, appellee, who had been free on bond, finally turned himself in to begin serving his prison sentence. At the same time, his attorney filed a motion for reconsideration of appellee’s sentence, specifically requesting that it be reduced to probation with the special condition that he successfully complete a drug rehabilitation program. The basis for the motion was that appellee was a heroin addict whose “main ‘crimes’ have been against himself as opposed to society” and who had the potential to be a productive member of society if he could complete a drug rehabilitation program, which was not available in the prison system.
The successor judge who heard appellee’s motion, Judge Dewell, correctly recognized that he did not have jurisdiction to modify appellee’s sentence under Florida Rule of Criminal Procedure 3.800, assuming the original sentence was legal, inasmuch as the modification had not been made within sixty days after receipt of this court’s mandate. White v. State, 404 So.2d 804 (Fla. 2d DCA 1981). However, after reviewing the court file, including the PSI; conferring with Judge Love; hearing arguments of counsel; and receiving written and telephone communications from representatives of The Door, a substance abuse treatment program with which appellee had been involved, Judge Dewell concluded that (1) execution of appellee’s prison sentence would defeat any hope of rehabilitating appellee, (2) Judge Love would not have sentenced appellee to prison had he been fully and correctly informed of appellee’s addiction and psychological profile, and (3) appellee’s motion could properly be treated as a Rule 3.850 motion, since the confidential portion of the PSI, which was not made available to appellee, contained the following incorrect information:
*46 The Subject’s personality is as make-shift as the occasion; he relating (sic) how he deceived his attorney by claiming to be a drug addict for the sympathy associated with a reduced fee. Such attempts at manipulation tend to promote a general non-amenability (sic) to supervision. For the protection of society, a maximum Florida State Prison sentence is recommended.
Judge Dewell therefore changed appellee’s three-year prison sentence on count 1 to three years probation with the special conditions that he serve five months in jail and successfully complete The Door's residential drug rehabilitation program; the order also made minor changes in the special conditions of the probationary period on count 2.
We reverse because the PSI has not been shown to contain incorrect information.
Judge Dewell appears to have interpreted the quoted portion to mean that appellee was not actually a drug addict. However, we disagree with this interpretation. The quoted language describes appel-lee as a manipulator and cites as an example appellee’s relating that he had deceived his attorney by claiming to be a drug addict. The individual preparing the PSI may well have considered appellee’s claim of deception to be untrue, the claim itself thus constituting the example of manipulative behavior. The claim is simply recited without elaboration or assessment of its veracity. Moreover, the PSI nowhere asserts that appellee is not a drug addict.
More important, even if Judge Love had interpreted the language in question as Judge Dewell appears to have done, Judge Love obviously did not rely on any apparent assertion that appellee was not a drug addict. On the contrary, it is clear from some of Judge Love’s remarks at the original sentencing hearing, including the judge’s requirement that appellee receive drug counseling as a special condition of his probation on count 2, that Judge Love considered appellee to be a drug addict. Thus, appellee was not prejudiced by incorrect or misleading information contained in the confidential portion of the PSI.
It may well be true that Judge Love would not have imposed a prison sentence on appellee had the judge had more complete information concerning appellee’s addiction and psychological profile. However, if appellee considered the portion of the PSI furnished to him to contain insufficient information, he had the opportunity to seek a postponement of sentencing so that the PSI could be enlarged or so that he could himself present additional pertinent information to the sentencing judge. Moreover, appellee had approximately eleven months, from the date of his original sentencing to sixty days after the trial court’s receipt of our mandate on his original appeal, to gather mitigating information and seek a reduction in his sentence under Rule 3.800. His failure to do so in a timely fashion bars him from the relief sought in the motion at issue on this appeal.
Accordingly, Judge Dewell’s order modifying appellee’s original sentence is REVERSED and the cause REMANDED with directions to reinstate the original sentence imposed on appellee by Judge Love.
GRIMES and DANAHY, JJ., concur.