487 So.2d 1130 (1986)
Joseph A. WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. BG-398.
District Court of Appeal of Florida, First District.
April 16, 1986.
Rehearing Denied May 23, 1986.
Robert G. Kerrigan of Kerrigan, Estess & Rankin, Pensacola, for appellant.
Jim Smith, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Wilson appeals a sentence imposing twenty years' imprisonment for probation violation. Since the sentence which originally placed Wilson on probation was void, the court had no authority to revoke his probation. Therefore, we reverse the sentence now on appeal and remand with instructions.
Wilson was originally charged with trafficking in more than 400 grams of cocaine and with possession of a firearm during the commission of a felony. He pled guilty and was sentenced to indeterminate concurrent terms of six months' to five years' incarceration on January 18, 1982.
On March 18, 1982, one day prior to the expiration of the 60-day limit for the modification or reduction of a sentence provided in rule 3.800(b), Florida Rules of Criminal Procedure, Wilson filed a motion to expand the time in which to modify his sentence. The motion was granted, and on March 19, Wilson filed his motion to modify the sentence.
The sentence was not actually modified until April 13, 1982. The final order modified the sentence to concurrent terms in the Department of Corrections of five years, provided that after he served a term of eleven months and twenty-nine days in a county jail, Wilson would be released and placed on probation for seven years.
On September 5, 1984, an affidavit of violation of probation was filed. After hearing, the trial court revoked Wilson's probation, departed from the guidelines' recommended sentence of five years and sentenced appellant to twenty years' imprisonment.
The original sentence imposed was a legal sentence. Therefore, the trial court was without jurisdiction to reduce the sentence as the 60-day period following the original sentence had expired. See Fla.R. Crim.P. 3.800(b); White v. State, 404 So.2d 804 (Fla. 2d DCA 1981).
The State contends that Wilson has waived this point by failing to object to the *1131 court's untimely modification. Alternatively, the State contends Wilson is estopped from raising this issue by his having essentially instigated and consented to the error, and thereafter by his having accepted and enjoyed a more lenient sentence. However, as stated in White, "it is well settled that a defendant cannot confer jurisdiction on the trial court by waiver, acquiescence, estoppel, or consent since jurisdiction is established solely by general law." 404 So.2d at 805. See also Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983).
Since we are reversing Wilson's sentence, we need not reach his second and third points except, insofar as the third point is concerned, to direct that on remand should further discretionary action be required, the case be referred to a different trial judge in order to avoid any appearance of conflict of interest or judicial impropriety. Accordingly, the order purporting to place Wilson on probation, the order revoking that probation, and the new judgment and sentence are REVERSED and the cause is REMANDED with directions to reinstate Wilson's original judgment and sentence. Wilson should be properly credited with all the time he has served.
BOOTH, C.J., and SHIVERS, J., concur.