THOMPSON, Judge.
Bales appeals a judgment and sentence entered after revocation of his probation. He contends that the trial court lacked jurisdiction to enter the order which placed him on probation, and therefore also lacked jurisdiction to revoke the probation and impose a prison sentence. We agree and reverse.
Bales entered a plea of guilty to charges of disorderly intoxication and battery on a law enforcement officer. In exchange for that plea the trial judge agreed to a plea bargain which provided that Bales would receive a sentence of two years on the felony battery charge and of time served on the misdemeanor intoxication charge. The bargained-for sentence was imposed on August 9, 1983. On September 9, 1983 Bales filed a pro se motion for mitigation of sentence in which he represented that he was actively pursuing counseling and treatment for his alcoholism. By order filed on October 10, 1983, this motion was denied by the trial judge with leave to refile the motion within 60 days. On November 16, 1983 a different judge denied appellant’s *889 second motion for mitigation on its merits, stating in his order that it would be inappropriate to grant the motion since all factual matters set forth therein had been considered at the time of the initial sentencing. On December 20, 1983 the trial judge entered an order directing the Sheriff of Washington County to take custody of Bales from the Department of Corrections and bring him before the court for resen-tencing. On January 3, 1984 the trial judge entered an order withholding adjudication of guilt and placing Bales on probation, with the only special condition of probation being that he seek alcohol/drug counseling. The January 3 order makes no reference to either of the motions for mitigation or to the other judge’s order denying mitigation on the merits. This order was entered almost four months after the original judgment and sentence were filed.
Because the court lost jurisdiction to mitigate Bales’ sentence 60 days after it was initially imposed, the probation order dated January 3, 1984 was void. Since the order placing Bales on probation was void, the order revoking his probation and the sentence imposed are also void. Wilson v. State, 487 So.2d 1130 (Fla. 1st DCA 1986). Accordingly, the order purporting to place Bales on probation, the order revoking that probation, and the judgment and sentence entered upon the revocation of probation are reversed, and the cause is remanded with directions to reinstate Bales’ original judgment and sentence with credit for all time hé has served.
SHIVERS and WIGGINTON, JJ., concur.