PER CURIAM.
This cause is before us on appeal from a judgment and sentence entered after finding Wells in violation of his probation. We find the trial court lacked jurisdiction to impose probation and, therefore, was without jurisdiction to revoke probation and impose a prison sentence.
The trial court originally sentenced Wells to serve two consecutive five-year prison terms on September 8, 1983, for pleas of guilty to aiding and abetting in the possession of cannabis with the intent to sell and displaying or using a firearm in the commission of a felony. Fifteen months later, after denying Wells’ motions for habeas corpus, for mitigation and reduction of sentence, and for postconviction relief, the trial judge reduced Wells’ sentence to time served plus four years of probation with various conditions. About four months later, Wells was alleged to have violated his probation on numerous occasions. The trial court found Wells in violation of his probation on August 26, 1985, adjudged him guilty, and sentenced him to 15 years of incarceration.
The trial court was without jurisdiction to reduce the sentence after expiration of the 60-day period following the original sentence. See Fla.R.Crim.P. 3.800(b). Thus, the order placing appellant on probation was void and the subsequent order adjudicating him guilty and imposing a 15-year sentence was also void. Bales v. State, 489 So.2d 888 (Fla. 1st DCA 1986), and Wilson v. State, 487 So.2d 1130 (Fla. 1st DCA 1986). Accordingly, the judgment and sentence entered upon a finding of a violation of probation are reversed, and the cause is remanded with directions to reinstate the original judgment and sentence with credit for all the time he has served.
BOOTH, C.J., and MILLS and WENT-WORTH, JJ., concur.