Mr. E. Guy Revell, Jr. Commissioner Chairman Florida Parole Commission 1309 Winewood Boulevard Building 6, Third Floor Tallahassee, Florida 32399-2450
Dear Chairman Revell:
You have asked for my opinion on substantially the following questions:
1. What is the status of a current parolee who, pursuant to Waldrup v. Dugger, 15 F.L.W. 358 (Fla., June 21, 1990), receives an application of retroactive gain time, which after its application, would give an expiration of sentence date prior to the date of the granting of his parole, and what, if any, action should the commission take regarding the parole?
2. What is the status of an inmate who is currently incarcerated after his parole was revoked, but who, pursuant to Waldrup, supra, receives an application of retroactive gain time, which after its application, would give an expiration of sentence date prior to the date of his parole, and what, if any, action should the commission take regarding the prior revocation and parole?
3. What is the status of an inmate who is currently charged with violation of parole but has not had a final order of revocation entered by the commission, and pursuant to Waldrup, supra, receives an application of retroactive gain time, which after its application, would give an expiration of sentence date prior to the date of his parole, and what, if any, action should the commission take regarding the pending revocation warrant and the parole?
In sum, I am of the following opinion:
The retroactive application of gain time pursuant to the Waldrup decision, which, after application, gives an expiration of sentence date prior to the granting of parole, divests the commission of jurisdiction and the commission should discharge its interest in that parole or parole revocation.
You state that these questions arise as a result of the recent opinion of The Supreme Court of Florida in Waldrup v. Dugger[1] in which the Court declared 1983 amendments to Florida's incentive gain time statute[2] unconstitutional as violative of the ex post facto clause of the United States Constitution.[3] You advise that the Court has directed the Department of Corrections to recompute incentive gain time for Waldrup and similarly situated inmates based on the formulas, and in light of the criteria, contained in the pre-1983 statutes. Consequently, many parolees, and former parolees now returned to custody, who receive retroactive awards of gain time under the Waldrup decision, may have expiration of sentence dates that would have preceded the dates they were placed on parole.
The three hypotheticals you pose present a common question of jurisdiction and will be answered together.
Jurisdiction of the commission is conferred by general law through s. 947.16(1), F.S.:
Every person who has been convicted of a felony or who has been convicted of one or more misdemeanors and whose sentence or cumulative sentences total 12 months or more, who is confined in execution of the judgment of the court, and whose record during confinement or while under supervision is good, shall, unless otherwise provided by law, be eligible for interview for parole consideration of his cumulative sentence structure . . . . (e.s.)
The jurisdiction of the commission to grant parole and the agreement of the parolee to be bound by the terms of his parole presuppose a valid imprisonment to support the agreement.[4]
Inasmuch as The Supreme Court of Florida has recently stated that "accrued gain-time is the functional equivalent of time spent in prison,"[5] the retroactive application of gain time in accordance with the Waldrup decision necessarily will result in the expiration of sentence, prior to the grant of parole, in each of the instances posed by the commission.
Therefore, when the term of imprisonment is extinguished, either through invalidation of the judgment and sentence or, as in this instance, as a result of time served, the commission is divested of jurisdiction, the parole previously granted is void ab initio, and the commission should discharge any further interest in that parole or parole revocation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tcs
[1] 15 F.L.W. 358 (Fla., June 21, 1990). The decision in Waldrup is limited to prisoners whose offense dates fall before June 15, 1983, but after July 1, 1978.
[2] Section 8, Ch. 83-131, Laws of Florida.
[3] Section 10, Art. I, U.S. Const., makes it unconstitutional for a state to "pass any . . . ex post facto Law."
[4] See, Sellers V. Bridges, 15 So.2d 293, 295 (Fla. 1943) (parolee's agreement to be bound by conditions of parole presupposes a valid imprisonment in the first instance to support the agreement). Cf., Bales v. State, 489 So.2d 888, 889 (1 D.C.A. Fla., 1986) (where order placing defendant on probation was void, order revoking probation and sentence imposed were also void); Wolfson v. State, 437 So.2d 174, 175 (2 D.C.A. Fla., 1983) (where order placing defendant on probation is void for lack of jurisdiction, defendant cannot confer jurisdiction by waiver); White v. State, 404 So.2d 804, 805 (2 D.C.A. Fla., 1981) (defendant cannot confer jurisdiction on trial court by waiver, acquiescence, estoppel, or consent since jurisdiction is established solely by general law); Dicaprio v. State,352 So.2d 78, 79 (4 D.C.A. Fla., 1977) (all proceedings flowing from a void order revoking probation are a nullity and must be reversed); Williams v. State, 280 So.2d 518 (3 D.C.A. Fla., 1973) (trial court lacked jurisdiction to impose a probationary term subsequent to the completion of the maximum term allowable by law and all acts taken thereafter are nullities). But cf., Easterlin v. Mayo,69 So.2d 181 (Fla. 1953) (parole commission did not lose jurisdiction over prisoner because period fixed in sentence when shortened by time prisoner gained by good behavior expired prior to revocation of parole). Easterlin is distinguishable from the situations presented by the commission and the extant case law for two reasons. First, Easterlin addresses the jurisdiction of the commission to revoke a parole where the initial grant of parole was valid and unaffected by gain time awards. Second, the statute relied upon by the Supreme Court in reaching its decision in Easterlin unambiguously extended the period for continuing jurisdiction of the commission over a validly granted parole until "expiration of the term for which he was sentenced," based upon the language of s. 947.24, F.S. (1941). Id. at 182. The statute has subsequently been amended and no longer contains the language relied upon by the Court. Moreover, in the situations presented as a result of the Waldrup decision, the issue is not continuing jurisdiction but initial jurisdiction to grant the parole.
[5] State v. Green, 547 So.2d 925, 926 (Fla. 1989).