647 So.2d 180 (1994)
Patrick Lamar EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2092.
District Court of Appeal of Florida, First District.
June 29, 1994.
Nancy A. Daniels, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Patrick Martin, Certified Legal Intern, and Carolyn J. Mosley, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
PER CURIAM.
Patrick Lamar Evans appeals convictions and sentences imposed after revocation of community control, arguing that the trial court had no jurisdiction to revoke community control, to adjudicate him guilty on the underlying offenses in Case No. 89-615, or to impose sentences in that case. The affidavit of violation of community control was filed on December 23, 1992, thirteen days after Evans' two-year term of community control had expired. The state concedes error in this regard and we agree that the order of revocation and the convictions and sentences in Case No. 89-615 must be reversed. See Aguiar v. State, 593 So.2d 1225 (Fla. 3d DCA 1992).
No appeal lies from a judgment entered on a plea of nolo contendere without an express reservation of the right to appeal from a prior order of the lower court, identifying with particularity the point of law being reserved. Fla.R.App.P. 9.140(b)(1); § 924.06, Fla. Stat. (1993). When Evans pleaded nolo contendere to violation of community control, he expressly reserved the right to appeal, although not on the ground that the trial court lacked jurisdiction. We feel constrained, nevertheless, to consider the jurisdictional argument Evans now urges, the merits of which the state has conceded. See Robinson v. State, 373 So.2d 898, 902 (Fla. 1979).
The parties cannot, even by stipulation, confer jurisdiction upon a court where no jurisdiction exists. Sclafani v. County of Dade, 323 So.2d 675 (Fla. 3d DCA 1975). See State v. Schafer, 583 So.2d 374 (Fla. 4th DCA 1991); Wilson v. State, 487 So.2d 1130 (Fla. 1st DCA 1986); Wolfson v. State, 437 So.2d 174 (Fla. 2d DCA 1983). "It is well settled that defendant cannot confer jurisdiction on the trial court by waiver, acquiescence, estoppel, or consent since jurisdiction is established solely by general law." White v. State, 404 So.2d 804, 805 (Fla. 2d DCA 1981) (citations omitted). Because the trial court lacked jurisdiction to revoke Evans' community control, adjudicate him guilty on the underlying offenses, and impose additional punishment, we reverse the revocation order and both judgments and sentences in Case No. 89-615.
BOOTH, MICKLE and BENTON, JJ., concur.