354 So.2d 1258 (1978)
STATE of Florida, Appellant,
v.
Carlie Nolan MANCIL, Jr., Appellee.
No. 77-941.
District Court of Appeal of Florida, Second District.
February 10, 1978.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
George L. Harrell, II, of Luckey & Harrell, LaBelle, for appellee.
RYDER, Judge.
The state appeals an order mitigating appellee Mancil's sentence. The state contends this order was illegal as it was entered after the expiration of the period of time prescribed in Fla.R.Crim.P. 3.800 within which a sentence may be reduced. We agree and reverse.
Mancil was originally tried and convicted of assault and battery and sentenced to one year in jail. This court affirmed the judgment and sentence on his direct appeal, Mancil v. State, 338 So.2d 848 (Fla. 2d DCA 1976); our mandate was received by the *1259 trial court on October 22, 1976. That same day Mancil filed a motion to mitigate his sentence, pursuant to Fla.R.Crim.P. 3.800. After a hearing on the motion, the trial judge entered an order on December 17, 1976 vacating the original sentence and setting a new sentencing hearing to be held in April, 1977 before the original trial judge. This was done over the state's objection.
The state subsequently filed a petition for rehearing, which was granted. After hearing, the trial court concluded it had erred in its December 17, 1976 order. Accordingly, on May 16, 1977, the court vacated its December 17, 1976 order and placed Mancil on probation for one year with certain special conditions. It is this May 16, 1977 order which the state here appeals.
Insofar as it purports to "reduce" Mancil's sentence by placing him on probation, the May 16, 1977 order is illegal. Since the original sentence imposed was a legal sentence, the trial court had jurisdiction to reduce it for only sixty days following the mandate issued by this court upon affirmance of the judgment and sentence upon Mancil's direct appeal. Fla.R.Crim.P. 3.800(b). The trial court must act on a motion to mitigate within the applicable time period prescribed in the rule, regardless of when the motion to mitigate is filed. State v. Sotto, 348 So.2d 1222 (Fla. 3d DCA 1977); Sayer v. State, 267 So.2d 42 (Fla. 4th DCA 1972). Moreover, even if the trial court had jurisdiction to reduce Mancil's sentence, it exceeded its authority by placing him on probation since the granting of probation does not constitute the reduction of a sentence. Cuneo v. State, 335 So.2d 278 (Fla. 1976); State v. Evans, 225 So.2d 548 (Fla. 3d DCA 1969), cert. denied, 229 So.2d 261 (Fla. 1969), cert. denied, 397 U.S. 1053, 90 S.Ct. 1393, 25 L.Ed.2d 668 (1970).
However, the May 16, 1977 order was valid insofar as it vacated the December 17, 1976 order because that order was also illegal. Although it was entered within the sixty-day period prescribed by Fla.R. Crim.P. 3.800, the trial court acted without authority when it vacated Mancil's sentence. While the rule says a trial court may reduce a sentence, it does not say a court may vacate a sentence. State v. Evans, supra.
Accordingly, that portion of the order appealed which purports to reduce Mancil's sentence by placing him on probation is quashed, and the cause is remanded with instructions to reinstate the original sentence.
HOBSON, Acting C.J., and DANAHY, J., concur.