PER CURIAM.
The state appeals from the grant of a motion to reduce appellee’s sentence.
Appellee was sentenced on June 23, 1978, to eleven and one-half months in county jail, beginning September 15, 1978. No appeal was filed. On November 3, 1978, the court granted a motion to reduce appellee’s sentence to two years probation because appellee needed treatment not available in the county jail. Appellee made no allega *718 tion that the sentence was illegal, to justify relief under Fla.R.Crim.P. 3.800 or 3.850.
After the passage of 60 days from imposition of the sentence, the trial court had no jurisdiction to modify the sentence. Petters v. State, 350 So.2d 558 (Fla.2d DCA 1977); Fla.R.Crim.P. 3.800(b).
Reversed, and remanded with instruction to reinstate the eleven and one-half month sentence with credit for all time served under this charge.
HOBSON, Acting C. J., and SCHEB and RYDER, JJ., concur.