382 So.2d 815 (1980)
STATE of Florida, Appellant.
v.
Tommy Dale GOLDEN, Appellee.
No. PP-296.
District Court of Appeal of Florida, First District.
April 14, 1980.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellant.
E. Brian Lang of Mann & Lang, Pensacola, for appellee.
PER CURIAM.
The record reveals that Golden was adjudicated guilty and sentenced on July 28, 1978. He appealed, and this Court issued a mandate on June 19, 1979. On June 29, *816 1979, Golden moved for reduction of sentence pursuant to Rule 3.800(b), Fla.R. Crim.P.
Golden asserts, and the State does not deny, that on July 16, 1979 a hearing was held on the motion and the State agreed that an order modifying the sentence could be entered on September 7, 1979, a date scheduled for the trial of other charges pending against Golden. On September 7, however, the State indicated that it would no longer concur in the modification even though it acknowledged the existence of the prior understanding of the parties before the judge.
On September 9, 1979 the judge entered his order modifying the sentence of July 28 and the State appealed, relying on State v. Smith, 360 So.2d 21 (Fla. 4th DCA 1978); De La Paz v. State, 358 So.2d 1093 (Fla. 3rd DCA 1978); and State v. Mancil, 354 So.2d 1258 (Fla. 2d DCA 1978). We affirm the order before us. The hearing of July 16, 1979 was within the 60-day limit. At that time the judge effectively enlarged the period of time in which he could enter the order modifying sentence. Rule 3.050, Fla. R.Crim.P.
AFFIRMED.
ROBERT P. SMITH, Jr., BOOTH and SHAW, JJ., concur.