471 So.2d 1347 (1985)
Lawrence W. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1982.
District Court of Appeal of Florida, Second District.
June 26, 1985.
*1348 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Lawrence Smith, having pleaded guilty to armed robbery and to possession of more than twenty-grams of cannabis, was sentenced to concurrent three year terms of imprisonment on each charge. Smith moved for a reduction of his sentence. Within the sixty-day limit prescribed in Rule 3.800(b) of the Florida Rules of Criminal Procedure, the court began to hear Smith's motion but continued the proceeding because his witnesses were not available to testify. The hearing was reset for a time within the sixty-day period, but the original sentencing judge was on vacation; the fill-in judge refused to hear the matter and rescheduled it for a later date before the original sentencing judge. Although this date fell outside of the sixty day period, the judge nevertheless allowed Smith's witnesses to testify but denied the motion on the ground that he had no jurisdiction to reduce a sentence after the expiration of sixty days from the imposition of the original sentences.
We note at the outset that Smith has attempted to appeal from a nonappealable order  the denial of a motion for reduction of sentence. Hallman v. State, 371 So.2d 482 (Fla. 1979), affirming 343 So.2d 912 (Fla. 2d DCA 1977); Bertone v. State, 388 So.2d 347 (Fla. 1st DCA 1980); Ziegler v. State, 380 So.2d 564 (Fla. 3d DCA 1980); Suggs v. State, 358 So.2d 897 (Fla. 2d DCA 1978). We can and do, however, treat this appeal as a petition for writ of certiorari.
Generally, a court has no jurisdiction to modify a legal sentence after the passage of sixty days from sentencing. State v. Sutton, 371 So.2d 717 (Fla. 2d DCA 1979); Fla.R.Crim.P. 3.800(b). In the unusual circumstances presented by this case, however, the trial judge effectively enlarged the time during which he could reconsider Smith's sentence by having commenced the hearing on Smith's timely motion within the sixty-day limit. The First District has so held under similar circumstances in State v. Golden, 382 So.2d 815 (Fla. 1st DCA 1980). In Golden, the trial judge held a hearing within the time limit set forth in Rule 3.800(b), and the state agreed that the court could enter its order modifying the defendant's sentence at the time scheduled for the trial of other charges against the defendant, in spite of the fact that by that date Rule 3.800(b)'s "jurisdictional" limit had been exceeded. Although the state subsequently withdrew its consent, the trial court nevertheless modified the sentence, and the First District, referring to Rule 3.050 of the Florida *1349 Rules of Criminal Procedure, which generally permits the enlargement of time, affirmed.
The facts presented here disclose that Smith's position is even stronger than was Golden's. Smith timely moved for a reduction of his sentence, the hearing was begun, and through no fault of Smith's the hearing was reset before another judge who refused to hear the motion. Circumstances beyond Smith's control precluded the timely consideration of his motion. Furthermore, the only reason appearing in the record to support the denial of Smith's motion is the judge's impression that he lacked jurisdiction. This is not to say that the judge would otherwise have modified the sentence; rather, it is our opinion that Smith, under these particular circumstances, should not have been denied full and fair consideration of a motion that potentially could have a substantial bearing on the time he would be imprisoned.
Accordingly, to avert the possibility that Smith might suffer an injustice resulting from the sentencing judge's good faith, but erroneous, impression that he was powerless to act, we grant the petition for writ of certiorari. See Combs v. State, 436 So.2d 93 (Fla. 1983). The order denying Smith's motion for modification of sentence is quashed, and the trial judge is directed to reconsider the motion and to enter an order deemed appropriate upon consideration of the motion's merits.
SCHEB, A.C.J., and SCHOONOVER, J., concur.