CAMPBELL, Acting Chief Judge.
Appellant, State of Florida, appeals the trial court order that reduced appellee’s sentence from five years in prison to three- and-one-half years in prison.
The state argues: (1) The trial court lacked jurisdiction to rule on a motion to mitigate sentence; and (2) the trial court erred in departing downward from appel-lee’s five-year sentence. We find reversible error in the first issue, making the second issue moot.
The trial court found appellee guilty of possession of cocaine, delivery of cocaine and conspiracy to traffic in cocaine on February 12,1985. The court sentenced appel-lee to five years in prison on each charge to be served concurrently. This court affirmed appellee’s judgment and sentence on appeal and the trial court received this court’s mandate on July 18, 1986.
Under Florida Rule of Criminal Procedure 3.800, a court may only correct or modify a legal sentence within sixty days of receiving an appellate court’s mandate affirming the judgment or sentence. The trial court must act within that time. State v. Mancil, 354 So.2d 1258, 1259 (Fla. 2d DCA 1978); State v. Evans, 225 So.2d 548 (Fla. 3d DCA 1969).
Since the trial court here received this court’s mandate on July 18, 1986, it had only until September 16, 1986, to rule on any motion to mitigate. The court did not do so until October 6, 1986, thus rendering its order reducing appellee’s sentence to three-and-one-half years a nullity. See Mancil.
Because we have found the order reducing appellee’s sentence to be a nullity, appellant s second point concerning the propriety of the downward departure is made moot.
We, therefore, remand this cause to the trial court with instructions to reinstate the original sentence.
HALL and FRANK, JJ., concur.