556 So.2d 499 (1990)
Juanita DOMINGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1900.
District Court of Appeal of Florida, First District.
February 6, 1990.
*500 Daniel A. McKeever, Jr., Live Oak, for appellant.
Robert A. Butterworth, Atty. Gen., Cynthia Shaw, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
This appeal from an order denying appellant's motion for reduction of sentence will be treated as a petition for writ of certiorari. Smith v. State, 471 So.2d 1347, 1348 (Fla. 2d DCA 1985). We hold that the trial court correctly determined that it lacked jurisdiction to rule on this motion since more than sixty days had passed since receipt by the trial court of the appellate court's mandate upon affirmance of appellant's judgment and sentence. The fact that appellant filed the motion within the sixty day period is not the determinative fact since the rule requires that action be taken within sixty days. Rule 3.800(b), Fla. R.Crim.P.; State v. Lapica-Falcon, 519 So.2d 57 (Fla. 2d DCA 1988); Grosse v. State, 511 So.2d 688 (Fla. 4th DCA 1987); and Wells v. State, 495 So.2d 1221 (Fla. 1st DCA 1986). Appellant's reliance on dicta in Sanchez v. State, 541 So.2d 1140 (Fla. 1989), to the effect that Rule 3.800(b) requires that the motion be made within sixty days, is misplaced since Sanchez involved the question of whether a trial court has authority to remove an adjudication of guilt within the sixty day period. The Sanchez court did not address the issue in this case, and the opinion does not indicate an intention to overrule the long line of decisions holding that the motion must be acted upon within the sixty day period.
Petition DENIED.
SHIVERS, C.J., and NIMMONS, J., concur.