568 So.2d 63 (1990)
Maurice D. DANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1022.
District Court of Appeal of Florida, First District.
July 3, 1990.
*64 Maurice Daniels, appellant, pro se.
No appearance for appellee.
PER CURIAM.
Maurice Daniels filed a notice of appeal on March 20, 1990, purporting to seek review of a judgment and sentence entered on December 11, 1989 and an order entered on January 30, 1990 which denied mitigation and reduction of sentence. The appellant was sua sponte directed to show cause why his appeal should not be dismissed for lack of jurisdiction as untimely taken. Daniels responded by filing a "motion for writ of habeas corpus," saying that he is incarcerated and does not have access to legal materials except at the discretion of the institution officials. Further, he states that he is unskilled in the law and his failure to timely file the notice was due in part to being transferred four times since commitment to the Department of Corrections, thereby preventing him from having access to legal forms and materials. Additionally, this court has received copies of documents from the circuit court relating to the motion for reduction of sentence. The motion indicates that Daniels pled guilty and sought relief based on the trial court's failure to consider the circumstances of the crime, the defendant's pledge not to commit another crime, the existence of grounds to excuse his conduct, and similar grounds. It does not allege the sentence was illegal. The motion was denied and the order recites that the sentence imposed was legal and based on a negotiated plea and sentence.
We dismiss this appeal for lack of jurisdiction. The motion for reduction of sentence appears to have been one made pursuant to Rule 3.800(b), Florida Rules of Criminal Procedure, which is addressed to the discretion of the trial court. This court therefore has no jurisdiction to review the correctness of the trial court's disposition of the motion. See Johnson v. State, 543 So.2d 1289 (Fla. 4th DCA 1989). Further, it appears that the defendant pled guilty to the charges below and he makes no allegation that his sentence is illegal or that the trial court lacked subject matter jurisdiction or that the state failed to abide by a plea agreement. Accordingly, he is barred from obtaining relief from this court on direct appeal from his judgment and sentence. See section 924.06(3), Florida Statutes; Robinson v. State, 373 So.2d 898 (Fla. 1979). Finally, the petitioner/appellant has not offered adequate grounds for the granting of a belated appeal, Jordan v. State, 549 So.2d 805 (Fla. 1st DCA 1989).
Based upon the foregoing, we find the appeal must be and is hereby DISMISSED.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.