PER CURIAM.
Jimmy W. Carter has appealed from an order of the trial court denying his motion for reduction or modification of a legal sentence, pursuant to Rule 3.800(b), Florida Rules of Criminal Procedure. An order denying a motion pursuant to this rule is nonappealable. Alexander v. State, 553 So.2d 312 (Fla. 1st DCA 1989). However, we elect to treat the appeal as a petition for writ of certiorari, Dominguez v. State, 556 So.2d 499 (Fla. 1st DCA 1990), and deny it.
Carter pled nolo contendere to several counts of robbery and the trial court imposed sentence on October 10, 1991. Rule 3.800(b), Florida Rules of Criminal Procedure, permits a trial court to reduce a legal sentence imposed by it within sixty days of such imposition or, in this case, until December 9, 1991. On December 9, 1991, Carter filed the instant motion pursuant to Rule 3.800(b). On April 1, 1992, the trial court denied the motion, finding itself without jurisdiction to rule, given the passage of more than sixty days since entry of the judgments and sentences.
Even if a motion pursuant to Rule 3.800(b) is filed within the sixty day period prescribed therein, the trial court loses jurisdiction to act on the motion if such action does not also occur within that time period. State v. Mancil, 354 So.2d 1258, 1259 (Fla. 2d DCA 1978); Grosse v. State, 511 So.2d 688 (Fla. 4th DCA 1987), rev. den. 519 So.2d 987 (Fla.1988); Dominguez v. State, 556 So.2d 499, 500 (Fla. 1st DCA 1990). Therefore, although Carter filed the instant motion within the sixty day period, because the trial court did not act on the motion within that period, it correctly concluded that it no longer had jurisdiction to do so.[1]
The petition for writ of certiorari is denied.
JOANOS, C.J., and WIGGINTON and KAHN, JJ., concur.

. We note that, in two cases where the trial court held a hearing on a Rule 3.800(b) motion within the sixty day period, but entered the order thereon after the expiration of that period, the courts held that the trial court "effectively enlarged the period of time in which [it] could enter the order modifying sentence.” See State v. Golden, 382 So.2d 815, 816 (Fla. 1st DCA 1980); Smith v. State, 471 So.2d 1347, 1348 (Fla. 2d DCA 1985). However, these cases are inapplicable herein, in that no hearing on Carter’s motion was ever held.