621 So.2d 503 (1993)
John ARNOLD, Petitioner,
v.
STATE of Florida, Respondent.
No. 93-1.
District Court of Appeal of Florida, Fifth District.
July 2, 1993.
*504 Stuart I. Hyman, NeJame & Hyman, P.A., Orlando, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for respondent.
COBB, Judge.
The issue here is whether we should treat Arnold's appeal as a timely petition for certiorari and grant it based upon the trial court's determination that it lacked jurisdiction.
Arnold was originally sentenced on July 16, 1991, on two counts: DUI and violation of a license restriction. The court mistakenly suspended Arnold's driving license for life in conjunction with the latter count when it meant to do so in conjunction with the former. The court corrected this error by an amended order on October 13, 1991. On November 17, 1992, Arnold filed a motion to mitigate his sentence in respect to the lifetime suspension pursuant to Florida Rule of Criminal Procedure 3.800(b). The trial court found that it was without jurisdiction to consider the motion on the basis that it should have been filed within 60 days of July 16, 1991, rather than 60 days from October 13, 1992, the date the suspension sentence was corrected.
Ordinarily, an order denying a motion to reduce sentence is not appealable because the trial court's ruling is discretionary. See Daniels v. State, 568 So.2d 63 (Fla. 1st DCA 1990); Davenport v. State, 414 So.2d 640 (Fla. 1st DCA 1982). Under some circumstances, however, the court may treat the appeal as a petition for writ of certiorari. See State v. Rhodes, 554 So.2d 1229 (Fla. 2d DCA 1990). In Marsh v. State, 497 So.2d 954 (Fla. 1st DCA 1986), the court treated the appellant's appeal from an order denying his motion to modify sentence as a petition for writ of certiorari. Because the trial court had erroneously believed that it was without the authority to withdraw an adjudication of guilt once it had been imposed, as requested by appellant in his motion to modify, the district court found that appellant might suffer an injustice as a result of the court's good faith but erroneous ruling. The court therefore granted the petition and remanded the case to the trial court for consideration of appellant's motion on its merits. See also Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985).
Arnold's motion to mitigate was filed within 60 days from the imposition of the corrected sentence of suspension entered on October 13, 1992. Although it is within the unfettered discretion of the trial court to deny the motion, it was within the trial court's jurisdiction to consider it and the trial court should do so. We grant certiorari, quash the order of the trial court, and remand for consideration of the motion.
QUASHED AND REMANDED.
W. SHARP, J., concurs.
DAUKSCH, J., dissents without opinion.