660 So.2d 703 (1995)
Bruno ABREU, Petitioner,
v.
STATE of Florida, Respondent.
No. 85231.
Supreme Court of Florida.
September 21, 1995.
J. Rafael Rodriguez, Specially Appointed Public Defender of the Law Offices of J. Rafael Rodriguez, Miami, for petitioner.
Robert A. Butterworth, Attorney General and Joni B. Braunstein, Assistant Attorney General, Miami, for respondent.
GRIMES, Chief Justice.
We have for review State v. Abreu, 650 So.2d 163 (Fla. 3d DCA 1995), which certified conflict with State v. Golden, 382 So.2d 815 (Fla. 1st DCA 1980), and Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985). We have *704 jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
Bruno Abreu was convicted of one count of armed kidnapping, two counts of aggravated assault, two counts of aggravated battery, and seven counts of sexual battery.
Subsequent to sentencing, Abreu's trial attorney withdrew from the case because of a conflict of interest. A new attorney was appointed for Abreu on August 20, 1993. On the same day, Abreu's new attorney filed a motion to mitigate the sentence under Florida Rule of Criminal Procedure 3.800(b). Because the sixty-day time limit prescribed by the rule would expire on August 24, 1993, he also filed a motion to extend the time so as to be able to prepare for the hearing. On the same day, these motions were heard by a new judge because the original judge had rotated out of the criminal division. The judge granted the extension of time and set the hearing for a date beyond the end of the sixty-day period.
However, on August 24, 1993, an additional hearing was held in which Abreu requested that the judge commence the mitigation hearing before the end of the original sixty-day period so as to preserve Abreu's rights to mitigation. For the first time the State objected, arguing that it was necessary for the judge to review the transcripts and make a decision prior to the running of the original sixty-day period rather than to merely start the hearing. The judge commenced the mitigation hearing and after introduction of certain evidence recessed the hearing until October. On October 19, 1993, the judge finished the mitigation hearing, and on November 2, 1993, the trial court resentenced Abreu.
The district court of appeal quashed the order mitigating Abreu's sentence, holding that the trial court was without jurisdiction to enter an order of mitigation after the expiration of the sixty-day period prescribed by Florida Rule of Criminal Procedure 3.800(b). However, the district court certified conflict with Golden and Smith.
In Golden, the court allowed an extension for good cause of the sixty-day mitigation time limit, relying on Florida Rule of Criminal Procedure 3.050, which provides for the enlargement of procedural time limits upon good cause shown. Golden, 382 So.2d at 816. In Smith, the defendant moved for mitigation within sixty days of conviction and a hearing was commenced. However, due to scheduling problems with witnesses and the judge's vacation, the hearing did not end until after the sixty-day period. Relying on Golden, the Smith court held that the trial court retained jurisdiction over the case because the initial hearing served to expand the sixty-day period.
In reaching its conclusion, the court below relied primarily upon its earlier decision in State v. Evans, 225 So.2d 548 (Fla. 3d DCA), cert. denied, 229 So.2d 261 (Fla. 1969), cert. denied, 397 U.S. 1053, 90 S.Ct. 1393, 25 L.Ed.2d 668 (1970), in which it said:
The respondent contends and urges us to hold, that if a motion to mitigate sentence is filed within 60 days of the date a sentence is pronounced by a trial court, that court has the power to hold hearings on the motion and act upon it at any time. The plain language of § 921.25 and Rule 1.800(b) prohibits us from announcing such a rule. Respondent's construction of the statute and rule would permit indefinite supervision by a trial court over all legal sentences it imposes. Such supervision does not accord with reason or public policy. Under our tripartite system of government there must come a time when the judiciary's power to reduce a lawful sentence ends and vests in the executive department. We think the statute and rule prescribe that time.
Id. at 550 (citations omitted). While denying review of the Evans decision, we observed:
[T]he District Court of Appeal correctly concluded that the trial court proceeded without jurisdiction.
Evans, 229 So.2d at 261. However, Evans is easily distinguished because the trial judge in that case did not rule on the motion for mitigation until two years after the motion was filed.
The Florida Rules of Criminal Procedure are designed to promote justice and equity while also allowing for the efficient operation of the judicial system. We see no *705 reason why the provisions of rule 3.050 should not be applied to rule 3.800. We hold that the sixty-day period in rule 3.800(b) may be extended pursuant to rule 3.050, providing the matter is resolved within a reasonable time.
Although repeated extensions of the sixty-day time limit would violate separation of powers principles, that is not what happened in this case. The judge obviously believed that it was in the interest of justice to consider the record more fully and to allow the newly appointed counsel time to prepare for the hearing. Moreover, the judge used due diligence in conducting the mitigation proceedings and entered an order on the motion with reasonable dispatch.
Accordingly, we approve Golden and Smith. We quash the decision of the district court and reinstate the trial judge's resentencing order.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.