PER CURIAM.
On October 2, 1995, the trial court entered a postconvietion order correcting illegal sentences imposed upon King in 1990. On November 1,1995, King filed a motion for mitigation of sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). On November 9, 1995, the trial court entered an order dismissing the motion on the grounds that the trial court did not have jurisdiction because more than sixty days had passed since sentence was imposed. The appellant argues, and the appellee agrees, that the trial court had jurisdiction to entertain a 3.800(b) motion for sixty days following the order correcting illegal sentences. See Arnold v. State, 621 So.2d 503 (Fla. 5th DCA 1993). In accordance with Arnold and Marsh v. State, 497 So.2d 954 (Fla. 1st DCA 1986), we treat this appeal as a petition for certiorari and quash the trial court’s November 9, 1995, order. On November 9, 1995, twenty-two days remained within which the trial court might have acted on King’s motion. Accordingly, the trial court will have authority to act on King’s motion for a period of twenty-two days from the date that this opinion becomes final.
ALLEN and MICKLE, JJ., and SHIVERS, Senior Judge, concur.