W. SHARP, Judge.
Evans seeks certiorari review from an order of the trial court that denied his rule 3.800(b) motion, in which he sought a reduction or modification of his criminal sentence. The trial court denied the motion because of lack of jurisdiction, since the motion had been filed more than 60 days after the judgment and sentence became final. We grant the petition.
Evans argues the court departed from the essential requirements of law by not considering his motion on the merits, because his motion was timely filed. The state concedes error. Evans’ conviction for armed trafficking in cocaine and sentence were affirmed per curiam without opinion by this court on November 26, 1996. Evans v. State, 684 So.2d 1374 (Fla. 5th DCA 1996). The mandate issued December 13, 1996. On December 27, 1996, Evans filed his rule 3.800(b) motion.
Florida Rule of Criminal Procedure 3.800(b) authorizes a trial court to modify or reduce a sentence “within 60 days after receipt by the court of a mandate issued by the appellate court, on affirmance of the judgment and/or sentence on an original appeal.” See State v. Johns, 576 So.2d 1332 (Fla. 5th DCA 1991). Although the trial court may deny such a motion in its unfettered discretion, a timely filed motion entitles a defendant to a substantive consideration on the merits. The trial court should do so. Arnold v. State, 621 So.2d 503 (Fla. 5th DCA 1993). Accordingly, we grant the petition, quash the order reviewed, and remand for consideration on the merits.
Petition for Writ of Certiorari GRANTED; Order QUASHED; and REMANDED.
DAUKSCH and THOMPSON, JJ., concur.