696 So.2d 425 (1997)
STATE of Florida, Appellant,
v.
Mark PAULINO, Appellee.
No. 95-04808.
District Court of Appeal of Florida, Second District.
June 27, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Jeffrey M. Pearlman, Assistant Public Defender, Bartow, for Appellee.
NORTHCUTT, Judge.
In September 1994, Mark Paulino pleaded guilty to armed burglary of a structure and to robbery. The trial court sentenced him to two terms of four years' imprisonment. Each sentence included a three-year minimum mandatory term pursuant to section 775.087(2), Florida Statutes (1993), because Paulino possessed a firearm when he committed the crimes. On November 13, 1995, the trial court modified Paulino's sentences to one year's community control, to be followed by three years' probation. The state has appealed, contending that the judge had no authority to reduce the sentences. We agree, and reverse and remand with directions to reinstate the original sentences.
We first address the trial court's modification of Paulino's minimum mandatory sentences. A court's authority to modify a sentence derives from Florida Rule of Criminal Procedure 3.800(b). That rule, by its terms, does not apply to cases "in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion." This exclusion precludes modification of sentences imposed pursuant to section 775.087(2). See § 775.087(2)(a), Fla. Stat. (1993) (a defendant convicted of an enumerated offense who possessed a firearm during commission of his crime "shall be sentenced to a minimum term of imprisonment of 3 calendar years.") (emphasis supplied); State v. Sesler, 386 So.2d 293 (Fla. 2d DCA 1980) (trial court has no discretion in imposing minimum mandatory term under section 775.087(2)). Consequently, the lower court had no authority to modify Paulino's minimum mandatory sentences.
Paulino attempts to avoid this result on the theory that the court could have sentenced him as a youthful offender under chapter 958, Florida Statutes (1993), and, under that chapter, would not have been required to *426 impose the minimum mandatory term. See § 958.04, Fla. Stat. (1993). We reject his position. At the September 1994 sentencing hearing, the court specifically refused to treat Paulino as a youthful offender. Once the court elected to sentence Paulino as an adult, it had to impose the minimum mandatory term. Paulino has not referred us to any rule or statute that would permit the court to change his classification from an adult to a youthful offender after it imposed sentence. Moreover, the court did not address this issue at the November 8, 1995 hearing on Paulino's motion to modify.
As previously noted, the court originally sentenced Paulino to two terms of four years' imprisonment. Therefore, one year of each term is not a part of the minimum mandatory sentence, and we must separately consider the court's authority to modify these additional one year terms. The obvious issue is whether a court may modify a sentence more than a year after it was imposed. Rule 3.800(b) allows a court to modify "a legal sentence imposed by it within 60 days after such imposition...." Here, the court initially sentenced Paulino on September 7, 1994. Paulino served his motion to mitigate the sentence on October 21, 1994. The first hearing on the motion took place on November 2, 1994. The hearing was continued because Paulino's lead counsel had a conflict and could not attend. A second hearing was held November 10, 1994, at which the court again postponed ruling. On November 8, 1995, the court granted the motion and reduced Paulino's sentence.
In Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985), we held that a trial court had jurisdiction to modify a defendant's sentence under rule 3.800(b) when the motion was served and the court began the hearing on the motion within the sixty-day period stated in the rule, but continued the hearing outside the sixty-day period for reasons beyond the defendant's control. The Florida Supreme Court approved Smith in Abreu v. State, 660 So.2d 703 (Fla.1995), and held that the sixty-day limitation in rule 3.800 could be extended pursuant to the enlargement of time provisions of Florida Rule of Criminal Procedure 3.050, provided the matter was resolved in a reasonable time. The Abreu court implied that two years was not a reasonable period.
The first hearing on Paulino's motion was held within sixty days of his sentencing date. Paulino's counsel did not ask for an enlargement of time under rule 3.050, but instead asked for a continuance. Still, we believe that the reasoning of Abreu and Smith would apply to these facts if the court had resolved the motion within a reasonable time. The transcript of the November 10, 1994 proceeding indicates that the hearing was rescheduled for November 29, 1994, because the state wished to see if Paulino would cooperate at a codefendant's trial. The record contains no explanation why that hearing did not take place, if indeed it did not, or why the court did not reconvene until almost a year later. We refuse to extend the Smith exception to the rule 3.800(b) time limits this far. Absent some extraordinary circumstance which has not been revealed here, one year is simply too long to wait to modify a sentence.
Accordingly, we reverse and remand with directions to the trial court to reinstate the sentences it imposed on September 7, 1994. Our resolution of this matter raises an additional point. Paulino contends that if his sentences are reimposed, the final judgment should be corrected to show that they are to run concurrently. His point is well taken. The trial court orally announced that the sentences were to be served concurrently, but did not indicate that on the written judgment. We remand for correction. Sanders v. State, 663 So.2d 674 (Fla. 2d DCA 1995). In doing so, we also note that Paulino's convictions seem to arise from the same criminal episode, and for that reason it would be improper for the court to impose consecutive minimum mandatory terms under section 775.087. Gloster v. State, 568 So.2d 1318 (Fla. 2d DCA 1990).
Reversed and remanded for further proceedings.
FRANK, A.C.J., and LAZZARA, J., Concur.