766 So.2d 1111 (2000)
The STATE of Florida, Appellant,
v.
Damon Tremaine RICHARDSON, Appellee.
No. 3D99-2691.
District Court of Appeal of Florida, Third District.
August 16, 2000.
*1112 Robert A. Butterworth, Attorney General, and Consuelo Maingot and Michael Neimand, Assistant Attorneys General, and Kelly Cohen, Certified Legal Intern, for petitioner.
Richard Docobo, Miami, for appellee.
Before GODERICH, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
The State of Florida appeals an order granting Damon Richardson's motion to mitigate his sentence. We affirm.
Richardson, a nineteen-year old, was convicted of trafficking in cocaine in excess of 400 grams, resisting an officer without violence, and battery. Richardson was sentenced as an adult to a fifteen-year minimum mandatory sentence. Thereafter, at a hearing on a post-conviction relief motion, Richardson, pursuant to Florida Rule of Criminal Procedure 3.800(c), moved to mitigate his sentence, offering to waive all time served in exchange for a youthful offender sentence. The court granted Richardson's motion and imposed a six-year mitigated sentence as a youthful offender, § 958.04, Fla. Stat. (1995), waiving all time-served credit.
The State asserts three bases for reversal. Each basis is buttressed on flawed logic. We address each in turn. The State first asserts that the court had no discretion to mitigate the sentence under Rule 3.800(c), because 3.800(c) provides: "This subdivision of the rule shall not, however, be applicable to those cases in which ... the trial judge has imposed the minimum mandatory sentence...." The State reasons that because the court imposed a minimum mandatory sentence in Richardson's case, the court lacked discretion under 3.800(c) to deviate from that sentence.
*1113 This argument is not persuasive because the Rule 3.800(c) language on which the State relies does not apply to cases where, upon sentencing, the court has discretion to impose a youthful offender sentence, or an adult minimum mandatory sentence.[1] The relevant sentence in 3.800(c) refers to cases where there is only one sentence available for a defendantan adult sentence with a statutory minimum mandatory. Obviously, in that instance, where a defendant does not meet the youthful offender criteria, the court must sentence defendant to an adult sanction, and it must impose the minimum mandatory. However, if the sentencing judge has the discretion to sentence the defendant as a youthful offender, Rule 3.800(c) contains no language divesting the sentencing judge of this discretion upon consideration of a mitigation motion. See Ellis v. State, 475 So.2d 1021 (Fla. 2d DCA 1985).
The State next asserts that mitigation is an abuse of discretion because the State had not filed a motion for mitigation based on defendant's substantial assistance. This argument also does not support reversal because, again, the State overlooks the fact that the court had discretion to sentence Richardson as a youthful offender all along and was not required to impose the adult sanction with its attendant minimum mandatory term. Hence, the court's consideration of the mitigation was not confined to whatever mitigation proposals the State would see fit to file.
In its last argument, the State correctly asserts that if Richardson is sentenced as an adult, Richardson must be sentenced to a minimum mandatory term. However, this argument overlooks the reality that an adult sanction is not the only available avenue for sentencing Richardson. Richardson is eligible for sentencing as a youthful offender because he meets the youthful offender sentence criteria. Once again, the court had discretion to sentence Richardson as a youthful offender; the court did not lose this discretion in considering the mitigation motion.
We agree with the Second District's holding in Ellis v. State, 475 So.2d at 1023, that regardless of whether the defendant may be otherwise sentenced to an adult sanction,
we interpret the Youthful Offender Act, chapter 958, to be a separate statutory scheme for treatment of those young defendants to whom the act applies, regardless of the nature of their crimes.... [W]e do not believe that the legislature intended for a young first-time offender who meets the requirements of chapter 958 to automatically receive a [minimum] mandatory sentence, as defendant would in this case.
See § 958.04(2), Fla. Stat. (1995); Kelly v. State, 739 So.2d 1164, 1165 (Fla. 5th DCA 1999)(sentence under Youthful Offender Act is "in lieu of other criminal penalties authorized by law"); Porter v. State, 702 So.2d 257, 258 (Fla. 4th DCA 1997)(same), and cases cited therein.
Finally, contrary to the State's urging, State v. Paulino, 696 So.2d 425 (Fla. 2d DCA 1997), does not mandate reversal. Paulino does not address the scenario presented in this case, where the defendant is eligible for sentencing as a youthful offender. Paulino merely reiterates the well-settled principle that under the adult sentencing scheme, certain crimes carry minimum mandatory sentences, and the court does not have discretion to impose any other sentence. In Paulino, when the trial court entered the mitigation order, it did not concurrently decide to reclassify Paulino as a youthful offender. See Paulino, at 426 ("Moreover the court did not address this issue [of youthful offender eligibility] at the November 8, 1995 hearing on Paulino's motion to modify."). *1114 Hence, this case is not dispositive. Nevertheless, although we conclude that Paulino is distinguishable, we certify conflict in an abundance of caution.
Accordingly, as the State has not met its burden of demonstrating that the court abused its discretion, the mitigation order is affirmed.
Affirmed; conflict certified.
NOTES
[1] A youthful offender sentence is an adult sanction under Chapter 958, Florida Statutes, not a juvenile sanction under Chapter 985, Florida Statutes. See Crain v. State, 653 So.2d 442 (Fla. 2d DCA), review denied, 658 So.2d 990 (Fla.1995); Cooper v. State, 465 So.2d 1334 (Fla. 4th DCA 1985).