895 So.2d 488 (2005)
Christine SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D03-3927.
District Court of Appeal of Florida, Second District.
February 11, 2005.
Christine Smith, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Christine Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Christine Smith petitions for a writ of certiorari to quash the dismissal of her *489 motion to mitigate her sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). Orders denying such relief are not reviewable by appeal, but we may review them under our certiorari jurisdiction. See Moya v. State, 668 So.2d 279 (Fla. 2d DCA 1996). We conclude that this case warrants certiorari relief, and we grant the petition.
The relevant dates in this case are undisputed. Smith was sentenced on October 12, 2001, after being found in violation of her probation. The probation revocation and resulting sentences were affirmed on appeal, Smith v. State, 835 So.2d 1133 (Fla. 2d DCA 2002), and the mandate issued on December 18, 2002. Also on December 18, Smith filed a rule 3.800(c) motion to mitigate her sentence.
Some six months later, Smith asked the circuit court to rule on the mitigation motion. In its subsequent order, the court noted that a filing error had prevented it from timely addressing the motion. Based on this finding and citing to Moya, 668 So.2d 279, the court sua sponte enlarged the period for disposing of Smith's motion. In the same order, however, the court ruled that "[p]ursuant to Rule 3.800(c), Defendant must file such a motion within 60 days after her sentencing." Because Smith's motion to mitigate was filed well beyond this period, the court dismissed the motion as untimely.
The circuit court was mistaken. Rule 3.800(c) provides in part:
A court may reduce or modify . . . a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari.
As interpreted, this rule allows for the denial of a motion filed so late that the court is left without an opportunity to rule before the expiration of the sixty-day period. See Brantley v. Holloway, 685 So.2d 31, 32 (Fla. 2d DCA 1996) (denying relief when the motion to mitigate was filed on the last day, without a motion to enlarge the time for ruling, leaving the circuit court with "virtually no time to consider it"). But the supreme court has held that a court is authorized, by Florida Rule of Criminal Procedure 3.050, to extend the time for ruling on such a motion. Abreu v. State, 660 So.2d 703 (Fla.1995).
The court below departed from the essential requirements of the law when it ruled that Smith's motion was untimely. In dismissing the motion because it was not filed within sixty days from sentencing, the court failed to appreciate that rule 3.800(c) allowed a second opportunity for mitigation during the sixty days after issuance of the mandate that concluded Smith's direct appeal. Therefore, we quash the order that dismissed Smith's motion as untimely, and we remand for the court to consider the motion on its merits.
Petition granted.
CASANUEVA and SALCINES, JJ., Concur.