912 So.2d 389 (2005)
Patrick SEWARD, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D05-1473.
District Court of Appeal of Florida, Second District.
October 19, 2005.
Patrick Seward, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Respondent.
WALLACE, Judge.
Patrick Seward seeks certiorari review of the circuit court's order denying as untimely a motion to mitigate his sentence. The State forthrightly concedes that this case warrants certiorari relief. We agree.
The relevant dates are undisputed. Seward was sentenced on June 11, 2003, after being found in violation of his probation. The probation revocation and resulting sentence were affirmed on direct appeal, Seward v. State, 908 So.2d 1072 (Fla. 2d DCA 2004) (table decision), and the *390 mandate issued on October 19, 2004. On November 22, 2004, Seward filed a motion to mitigate his sentence, contending that he should have received a more lenient sentence on several grounds.
Although Seward cited Florida Rule of Criminal Procedure 3.800(b) in his motion, the circuit court correctly treated the motion as being filed pursuant to rule 3.800(c).[1] The circuit court denied Seward's motion as untimely because it was filed more than sixty days after Seward was sentenced.
Orders denying relief under rule 3.800(c) are not reviewable by appeal, but we may review them under our certiorari jurisdiction. Moya v. State, 668 So.2d 279, 280 (Fla. 2d DCA 1996). Florida Rule of Criminal Procedure 3.800(c) allows a court to modify a sentence "within 60 days after the imposition, or within 60 days after receipt ... of a mandate issued by the appellate court." In this case, the circuit court misapprehended the time requirements of rule 3.800(c) and failed to account for the "second opportunity for mitigation during the sixty days after issuance of the mandate that concluded [the] direct appeal." Smith v. State, 895 So.2d 488, 489 (Fla. 2d DCA 2005). Because Seward's motion was filed within sixty days after issuance of the mandate that concluded his direct appeal, the motion was timely.
Accordingly, we quash the order that dismissed Seward's motion as untimely and remand for the circuit court to consider the motion on the merits. See Brown v. State, 707 So.2d 1191 (Fla. 2d DCA 1998); Roauer v. State, 697 So.2d 1303 (Fla. 2d DCA 1997); Moya, 668 So.2d 279.
Petition granted.
FULMER, C.J., and DAVIS, J., Concur.
NOTES
[1] While Seward's motion was pending, Seward filed an amended motion that cited rule 3.800(c) but that was otherwise identical in substance to the original motion. Seward was not harmed byand we do not disturbthe circuit court's failure to consider the amended motion because the court treated the original motion as being filed pursuant to rule 3.800(c). See Fla. R.Crim. P. 3.020 (requiring that the rules be construed for simplicity in procedure and fairness).