931 So.2d 1002 (2006)
Vincent DIAZ a/k/a Lazaro Rodriguez, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-55.
District Court of Appeal of Florida, Third District.
June 7, 2006.
*1003 Vincent Diaz, in proper person.
Charles J. Crist, Jr., Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before GREEN, FLETCHER, and RAMIREZ, JJ.
GREEN, J.
Appellant, Vincent Diaz a/k/a Lazaro Rodriguez, appeals the trial court's denial of his motion to mitigate sentence on the sole ground that the motion was untimely. We elect to treat this appeal as a timely petition for writ of certiorari and grant it based upon the trial court's erroneous determination that it lacked jurisdiction to consider the motion.
On February 11, 1999, the appellant pled guilty in lower court case number F98-32532 to aggravated battery on a law enforcement officer, fleeing and attempting to elude a law enforcement officer, resisting an officer without violence, and two counts of leaving the scene of an accident with property damage. He was sentenced to two years of community control.
On July 2, 1999, an affidavit of community control violation was filed for various violations. Appellant admitted to the violations and was sentenced to two years probation.
On August 29, 2001, an affidavit of violation of probation was filed against the appellant on various grounds. This affidavit was amended on October 9, 2001, to include a violation for failure to remain at liberty without violating law. This violation was based upon several new charges filed against the appellant in 2001.
Specifically on October 4, 2001, the appellant was charged by information in case number F01-28247 with attempting to flee or elude a law enforcement officer and resisting arrest without violence. He pled guilty and was sentenced as a habitual felony offender to a ten year minimum mandatory prison term. On October 9, 2001, the appellant was charged by information in case number F01-28491 with one count of armed robbery. He pled guilty to this charge and was sentenced as a habitual felony offender to ten years in prison. The appellant was also charged on October 9, 2001, in court case number F01-28492 with one count of armed robbery. He pled guilty and was sentenced to a ten year prison term. Finally, on November 26, 2001, the appellant was charged on November 26, 2001, by information in case number F01-32011, with one count of armed robbery. He pled guilty and was sentenced as a habitual felony offender to a ten year minimum mandatory prison sentence. All of the appellant's sentences were imposed concurrently with the sentence in F98-32532.
On January 21, 2004, the appellant sought and was granted a belated appeal of his judgment and sentence, by this court. See Diaz v. State, 865 So.2d 504 (Fla. 3d DCA 2004)(table). The mandate issued on October 21, 2005.
On November 22, 2005, the appellant filed his motion to mitigate his sentence *1004 with the trial court pursuant to Florida Rule of Criminal Procedure Rule 3.800(c). The trial court denied this motion on December 15, 2005, on grounds that the motion was untimely because the appellant was sentenced on October 8, 2003. The appellant filed the instant appeal.
We begin by acknowledging that an order denying a motion to reduce or mitigate a sentence is not appealable. See Smith v. State, 902 So.2d 293 (Fla. 3d DCA 2005); Arnold v. State, 621 So.2d 503 (Fla. 5th DCA 1993); Daniels v. State, 568 So.2d 63 (Fla. 1st DCA 1990); Davenport v. State, 414 So.2d 640 (Fla. 1st DCA 1982). An appeal, however, may be treated as a petition for writ of certiorari to permit the trial court to properly consider a motion to mitigate where the trial court has mistakenly found the motion to be untimely. See Arnold, 621 So.2d at 503. See, e.g., State v. Rhodes, 554 So.2d 1229 (Fla. 2d DCA 1990); Marsh v. State, 497 So.2d 954 (Fla. 1st DCA 1986); Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985).
In the instant case, although the appellant was sentenced on October 2, 2003, he filed a belated appeal of his judgment and sentence. The mandate on that appeal was issued on October 21, 2005, or 32 days prior to the filing of his motion to mitigate his sentence with the trial court. Rule 3.800(c), Florida Rules of Criminal Procedure, permits a defendant to file a motion for reduction of sentence within 60 days of the issuance of the mandate in the original appeal. See Smith v. State, 895 So.2d 488, 489 (Fla. 2d DCA 2005); Seward v. State, 912 So.2d 389, 390 (Fla. 2d DCA 2005). The appellant's motion for reduction of sentence was therefore timely and should have been considered by the trial court, as the state has properly conceded. See Arnold, 621 So.2d at 503 ("although it is within the unfettered discretion of the trial court to deny the motion, it was within the trial court's jurisdiction to consider it and the trial court should do so").
We therefore grant certiorari, quash the order under review and remand this cause to the trial court for its consideration of the motion. We express no opinion as to the merits of the motion.
Quashed and remanded.