PER CURIAM.
 

 Petitioner seeks certiorari review of a circuit court order which denied his rule 3.800(c) motion to mitigate his sentence as untimely. The circuit court noted that petitioner was sentenced on February 12, 2008, but did not file his 3.800(c) motion to mitigate sentence until November 13, 2008, 274 days later. The court, therefore, ruled that it was without jurisdiction to entertain the motion. We grant the writ.
 

 The circuit court overlooked the fact that petitioner directly appealed his sentence and this Court affirmed on October 7, 2008.
 
 See Eberheart v. State,
 
 992 So.2d 270 (Fla. 5th DCA 2008). The mandate issued on October 24, 2008. Florida Rule of Criminal Procedure 3.800(c) provides that a court may reduce or modify a sentence within sixty days after its imposition,
 
 or
 
 within sixty days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence. Petitioner’s 3.800(c) motion was filed within sixty days of our mandate.
 

 Although a defendant may not appeal an order denying a rule 3.800(c) motion to mitigate or modify a sentence where the motion was considered on the merits,
 
 [1]
 
 cer-tiorari review is available if the trial court determines that it lacks jurisdiction to rule on the rule 3.800(c) motion.
 
 See Davis v. State,
 
 745 So.2d 499 (Fla. 1st DCA 1999);
 
 Evans v. State,
 
 691 So.2d 63 (Fla. 5th DCA 1997).
 

 In response to this Court’s show cause order, the state concedes that the circuit court had jurisdiction to consider the motion to mitigate sentence on the merits. We, therefore, grant the petition for writ of certiorari, quash the order and remand for further proceedings.
 
 See Ukaj v. State,
 
 969 So.2d 1172 (Fla. 5th DCA 2007).
 

 WRIT GRANTED, ORDER QUASHED.
 

 PALMER, C.J., GRIFFIN and MONACO, JJ., concur.
 

 [1]
 

 .
 
 See Adams v. State,
 
 800 So.2d 741 (Fla. 5th DCA 2001).