COHEN, J.
 

 Terrance Graham filed a pro se appeal from an order denying his motion to mitigate sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). We treat the appeal as a petition for certiorari, grant the petition, and quash the order.
 

 Graham was initially charged by information in January 2003, with drug-related sale and possession charges within 1000 feet of a place of worship. He pled guilty and was sentenced to forty-two and one-half months of incarceration, followed by three years of drug offender probation. After completing his incarcerative term, Graham violated a condition of his probation by testing positive for drugs. As a result, the terms of his probation were modified, and he was ordered to attend a residential drug treatment program.
 

 Graham’s attempt at rehabilitation proved unsuccessful, and he was discharged from the residential drug treatment program, constituting another violation of probation. Graham was then given the opportunity to attend drug court. However, Graham did not successfully complete this either, and he was resen-tenced on June 4, 2009, to approximately eleven and one-half years of incarceration with credit for time served.
 

 Instead of appealing his new sentence, Graham timely filed a motion to mitigate sentence under Florida Rule of Criminal Procedure 3.800(c) on the sixtieth day after he was sentenced and mere hours before the trial court lost jurisdiction to rule on it. Graham neither filed a motion for enlargement of time, nor offered any reasons why he waited so long to file his rule 3.800(c) motion. Apparently unaware that it had the discretion to extend the time for ruling on this motion, the trial court denied it, simply stating, “[T]he Court does not have jurisdiction to modify the Defendant’s sentence more than 60 days after renditioh.
 
 See
 
 Fla. R.Crim. P. 3.800(c).”
 

 Relevant to the instant appeal, rule 3.800(c) states, “A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after [its] imposition.... ” The denial of a rule 3.800(c) order is not appealable when decided on the merits.
 
 Adams v. State,
 
 800 So.2d 741 (Fla. 5th DCA 2001). However, when the basis for denial was a lack of jurisdiction, certiorari is proper for purposes of challenging that ruling.
 
 See Eberheart v. State,
 
 5 So.3d 791 (Fla. 5th DCA 2009);
 
 Ukaj v. State,
 
 969 So.2d 1172 (Fla. 5th DCA 2007);
 
 Wills v. State,
 
 963 So.2d 356 (Fla. 5th DCA 2007);
 
 Del Valle
 
 
 *783
 

 v. State,
 
 948 So.2d 78 (Fla. 5th DCA 2007);
 
 Arnold v. State,
 
 621 So.2d 503 (Fla. 5th DCA 1993). Thus, we treat this appeal as a petition for writ of certiorari.
 

 The issue presented is whether a trial court maintains jurisdiction to hear a timely filed motion to mitigate under rule 3.800(c) when the motion is filed so late that the trial court is not afforded a reasonable opportunity to rule upon the motion within the sixty-day time frame set forth in the rule. Appellate courts have handled this issue differently. In
 
 Brantley v. Holloway,
 
 685 So.2d 31, 31 (Fla. 2d DCA 1996), a defendant filed a writ of mandamus after the trial court denied his motion for sentence reduction on the basis that it was not filed within sixty days of his sentence. Noting that the trial court erred in finding the motion was not timely filed, the court, nonetheless, refused to grant mandamus, reasoning that because the motion was not filed until the sixtieth day, the trial court did not have a “meaningful opportunity to rule on his motion within the allotted jurisdictional time.”
 
 See also Howard v. State,
 
 914 So.2d 455, 456 (Fla. 4th DCA 2005). The Fourth District recently reiterated this position in
 
 State v. Schlabach,
 
 1 So.3d 1091 (Fla. 4th DCA 2009), certifying conflict with the Second District in
 
 Childers v. State,
 
 972 So.2d 307 (Fla. 2d DCA 2008).
 

 Following the supreme court opinion in
 
 Abreu v. State,
 
 660 So.2d 703 (Fla.1995), this court has consistently held that trial courts retain jurisdiction to hear timely filed motions pursuant to rule 3.800(c) past the sixty-day time frame.
 
 See Wills,
 
 963 So.2d at 356;
 
 Timmer v. State,
 
 840 So.2d 1160 (Fla. 5th DCA 2003);
 
 Haber v. State,
 
 849 So.2d 1148 (Fla. 5th DCA 2003). In
 
 Timmer,
 
 we held that where the motion for mitigation was timely filed, no formal motion for enlargement of time under rule 3.050 was required when the scheduling of the hearing beyond the sixty-day period was beyond the defendant’s control. As articulated in
 
 Abren,
 
 there is a balancing of interests between “promoting] justice and equity while also allowing for the efficient operation of the judicial system.”
 
 Abreu,
 
 660 So.2d at 704. Under these circumstances, that scale tips toward a decision on the merits. Our view is that based upon the provisions of rule 3.050, the lower court does not lose jurisdiction to rule on a timely filed motion for mitigation of sentence under rule 3.800(c) because the trial court is unable to reach the merits of the motion prior to the expiration of sixty days.
 
 [1]
 
 Trial courts are to use due diligence in ruling on the motion with reasonable dispatch, and the trial court’s decision is not subject to appellate review.
 
 Id.
 

 We express no opinion as to the ultimate resolution of the motion for mitigation. Accordingly, we grant certiorari.
 

 PETITION FOR CERTIORARI GRANTED; ORDER QUASHED.
 

 ORFINGER and LAWSON, JJ., concur.
 

 [1]
 

 . This is an issue we commend to the Florida Bar Criminal Rules Committee.