KHOUZAM, Judge.
 

 Khatrydia Dorsey appeals the dismissal of her motion to modify sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). “Such an order is not reviewable by appeal but may be reviewed under this court’s certiorari jurisdiction.”
 
 Velazquez v. State,
 
 917 So.2d 306, 306 (Fla. 2d DCA 2005). Therefore, we treat this appeal as a timely filed petition for writ of certiorari and deny it.
 

 Dorsey’s counsel filed the motion to modify sentence on the afternoon of the sixtieth day after sentencing, within a few hours of the time that the circuit court lost jurisdiction to consider the motion.
 
 See
 
 
 *708
 
 Fla. R.Crim. P. 3.800(c). The motion contained no explanation of extenuating circumstances justifying the late filing, nor did counsel file a separate motion for extension of time. Thei’efore, the circuit court did not depart from the essential requirements of law when it dismissed the motion for lack of jurisdiction.
 
 See Brantley v. Holloway,
 
 685 So.2d 31, 32 (Fla. 2d DCA 1996) (holding that the circuit court lost jurisdiction to rule on a rule 3.800(c) motion hours after it was received because it was filed on the last day of the sixty-day timeframe without an explanation or motion for extension of time).
 
 But see Graham v. State,
 
 24 So.3d 781, 783 (Fla. 5th DCA 2009) (holding that the circuit court retains jurisdiction to hear rule 3.800(c) motions filed any time before the sixty-day timeframe expires).
 

 The petition for writ of certiorari is denied.
 

 NORTHCUTT and WALLACE, JJ., Concur.