PER CURIAM.
 

 Jean F. Barthelemy seeks certiorari review of the trial court’s denial of his motion to mitigate his sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c).
 

 On November 30, 2009, a jury found Barthelemy guilty of possession of cocaine and drug paraphernalia. The trial court sentenced him to five years’ incarceration. Barthelemy was granted a belated appeal
 
 *822
 
 of his judgment and sentence.
 
 See Barthelemy v. State,
 
 29 So.3d 387 (Fla. 5th DCA 2010). This court affirmed his judgment and sentence.
 
 See Barthelemy v. State,
 
 56 So.3d 18 (Fla. 5th DCA 2011).
 

 On April 7, 2011, Barthelemy filed his rule 3.800(c) motion to mitigate sentence. The trial court denied Barthelemy’s motion as untimely because it was filed more than 60 days from the date his sentence was imposed. The court also stated, however, that
 
 “[e]ven if it were timely, the court would, in its discretion, deny the motion.”
 
 (emphasis added).
 

 Barthelemy timely filed the instant cer-tiorari petition, contending that the trial court improperly denied his rule 3.800(c) motion. Specifically, he pointed to the rule’s language providing that a rule 3.800(c) motion may be filed within 60 days of sentencing
 
 or
 
 within 60 days of the court’s receipt of the appellate court’s mandate.
 
 See
 
 Fla. R.Crim. P. 3.800(c). Since the trial court received the mandate on March 11, 2011, and Barthelemy’s rule 3.800(c) motion was filed on April 7, 2011, his motion was timely. It matters not that Barthelemy’s direct appeal came after this court granted a belated appeal. Barthelemy filed his motion within 60 days of the trial court’s receipt of the direct appeal mandate.
 
 See Diaz v. State,
 
 931 So.2d 1002 (Fla. 3d DCA 2006).
 

 Nonetheless, given the trial court’s statement that it would have denied even a timely motion for mitigation, it would serve no purpose to remand the case for further judicial labor.
 

 PETITION DENIED.
 

 MONACO, COHEN and JACOBUS, JJ., concur.