NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ANDREW BRADLEY LAVERS,⁣ )
⁣ )
      Appellant,⁣ )
⁣ )
v.⁣ )     Case No. 2D15-4209
⁣ )
STATE OF FLORIDA,⁣ )
⁣ )
      Appellee.⁣ )
_____ )

Opinion filed April 19, 2017.

Appeal from the Circuit Court for Manatee
County; Debra Johnes Riva and Deno
Economou, Judges.

Howard L. Dimmig, II, Public Defender, and
Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


KHOUZAM, Judge.


      In this Anders[1] appeal, Andrew Bradley Lavers seeks review of the order

revoking his probation, the resulting sentence, and the order denying his motion for

_____

    [1]Anders v. California, 386 U.S. 738, 741 (1967).

reconsideration of that sentence filed under Florida Rule of Criminal Procedure 3.800(c). We affirm the revocation of Lavers' probation and sentence without comment.

However, "[o]rders denying relief under rule 3.800(c) are not reviewable by appeal." Seward v. State, 912 So. 2d 389, 390 (Fla. 2d DCA 2005). Such an order is reviewable by way of certiorari if the trial court erroneously determines that the motion was untimely. See id. Here, the trial court denied Lavers' motion on the merits. Accordingly, we dismiss the appeal insofar as Lavers seeks review of the order denying his rule 3.800(c) motion. See Adams v. State, 800 So. 2d 741, 741 (Fla. 5th DCA 2001).

Affirmed in part, dismissed in part.


CRENSHAW and BADALAMENTI, JJ., Concur.