# Third District Court of Appeal

## State of Florida

Opinion filed June 14, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-0758
Lower Tribunal Nos. 01-25318B, 15-4380
_____

**Victor Montesino,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Jose Fernandez, Judge.

Victor Montesino, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.

Before SALTER, FERNANDEZ and LUCK, JJ.

LUCK, J.

Victor Montesino appeals the trial court's order denying his motion for modification of his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). The trial court denied the motion as untimely because it was filed more

than sixty days after the imposition of sentence. "Such an order is not reviewable by appeal but may be reviewed under this [C]ourt's certiorari jurisdiction." Johnson v. State, 932 So. 2d 562, 562 (Fla. 3d DCA 2006) (quotation omitted; alteration in original). "We," therefore, "treat the appeal as a petition for writ of certiorari, and deny the petition." Iglesias v. State, 76 So. 3d 370, 371 (Fla. 3d DCA 2011) (citation omitted).[1]

"Florida Rule of Criminal Procedure 3.800(c) provides that where no direct appeal has been filed, a motion to reduce, modify or mitigate a sentence must be filed within sixty days of the imposition of the sentence." Id. "[T]he sixty-day requirement of Rule 3.800(c) is jurisdictional," and "[t]he trial court properly denie[s] [a defendant's] motion as untimely [where] it was filed more than sixty days from the date his sentence was imposed." Hernandez v. State, 109 So. 3d 865, 865 (Fla. 3d DCA 2013).

Here, Montesino pleaded guilty and was sentenced to eight years imprisonment on November 16, 2015. His motion for modification of sentence

---

[1] See also Dorsey v. State, 30 So. 3d 707, 707 (Fla. 2d DCA 2010) ("Khatrydia Dorsey appeals the dismissal of her motion to modify sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). Such an order is not reviewable by appeal but may be reviewed under this court's certiorari jurisdiction. Therefore, we treat this appeal as a timely filed petition for writ of certiorari and deny it." (quotation omitted); Howard v. State, 914 So. 2d 455, 456 (Fla. 4th DCA 2005) ("Keith Howard appeals an order denying his motion to mitigate his sentence. Such an order is not appealable, but we treat this as a petition for writ of certiorari, because the denial was based on lack of jurisdiction due to the motion's untimeliness." (citation omitted)).

was put in the prison mailbox on February 17, 2017.  Given the fifteen month gap between the imposition of Montesino's sentence (without appeal) and his Rule 3.800(c) motion, the trial court correctly denied the motion as outside its sixty days of modification jurisdiction.  And because Montesino has not shown that the trial court departed from the essential requirements of law, we deny his petition.

Petition denied.[2]

---

[2] We remind the trial courts, as the fourth district did in <u>Howard</u>, "that the routine language in its order[s] that the defendant has the right to appeal th[e] denial of a rule 3.800(c) motion is incorrect and should be eliminated. There is no right of appeal of those orders." <u>Howard</u>, 914 So. 2d at 456.